UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| ZACHARY SOQUI,<br><br>Plaintiff,<br><br>v.<br><br>ENGLAND LOGISTICS, INC.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO QUASH SUBPOENA**<br>**(DOC. NO. 19)**<br><br>Case No. 2:24-cv-00261<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

Zachary Soqui brought this action against his former employer, England Logistics, Inc., asserting claims under the Americans with Disabilities Act (ADA) for retaliation and failure to provide reasonable accommodations.[1] Mr. Soqui has filed a motion to quash and for a protective order, seeking to prevent England from issuing a subpoena to his new employer, Lucid Software Inc.[2] Because Mr. Soqui no longer works for Lucid and the documents sought are relevant, the motion is denied.

## BACKGROUND

England's proposed subpoena (as narrowed following the parties' conferral) seeks Mr. Soqui's application documents, employment contract, job description, any requests for accommodation made by Mr. Soqui, any accommodations granted by

---

[1] (*See* Compl., Doc. No. 1.)

[2] (Mot. to Quash and for Protective Order ("Mot."), Doc. No. 19.)

1

Lucid, and remote work or work from home arrangements.[3]  In his motion, Mr. Soqui argues the subpoena would negatively affect his relationship with his current employer, is duplicative of other discovery requests, seeks irrelevant documents, and would unnecessarily embarrass and harass him.[4]

In opposition, England argues the subpoena is relevant to Mr. Soqui's claim that England failed to provide reasonable accommodations by denying his request to work from home.[5]  England argues it is entitled to investigate whether Mr. Soqui has performed similar work without accommodations.[6]  England also asserts the requested employment records are relevant to mitigation of damages, and hiring documents may include statements about Mr. Soqui's departure from England and his ability to work in the office for Lucid.[7]

In his reply, Mr. Soqui states he is now no longer employed by Lucid.[8]  But he argues the motion is not moot because he still seeks a protective order preventing England from subpoenaing his employers.  He also states he is "currently in a job search and would like to use Lucid as a reference," and asserts "it is still imperative that

---

[3] (*See* Ex. A to Opp'n to Mot. to Quash Subpoena and for Protective Order ("Opp'n"), Modified Subpoena, Doc. No. 22-1 at 5.)

[4] (Mot. 1–2, Doc. No. 19.)

[5] (*See* Opp'n 6–7, Doc. No. 22.)

[6] (*Id.*)

[7] (*Id.* at 7.)

[8] (Reply Mem. in Supp. of Pl.'s Mot. to Quash and for Protective Order ("Reply") 1, Doc. No. 25.)

relationship be maintained and not tainted by the knowledge that Mr. Soqui is pursuing claims against a former employer."[9]

## LEGAL STANDARDS

Rule 45 of the Federal Rules of Civil Procedure establishes the standards for quashing subpoenas. The court must quash or modify a subpoena which "fails to allow a reasonable time to comply"; "requires a person to comply beyond the geographical limits specified in Rule 45(c)"; "requires disclosure of privileged or other protected matter, if no exception or waiver applies"; or "subjects a person to undue burden."[10] Additionally, Rule 26(b) governs the scope of discovery under subpoenas.[11] Under Rule 26(b), discovery must be "relevant to any party's claim or defense and proportional to the needs of the case."[12]

Under Rule 26(c), a court may enter a protective order "for good cause," "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."[13] Additionally, Mr. Soqui relies on Rule 26(b)(2)(C), which provides:

---

[9] (*Id.* at 1–2.)

[10] Fed. R. Civ. P. 45(d)(3)(A).

[11] *See Consumer Fin. Prot. Bureau v. Integrity Advance, LLC*, No. 21-mc-206, 2022 U.S. Dist. LEXIS 126523, at *18 (D. Kan. July 15, 2022) (unpublished) ("[W]hile Rule 45 does not include relevance as an enumerated reason for quashing a subpoena[,] [i]t is well settled that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b)." (second and third alterations in original) (internal quotation marks omitted)).

[12] Fed. R. Civ. P. 26(b)(1).

[13] Fed. R. Civ. P. 26(c)(1).

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; . . . or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).[14]

## ANALYSIS

Where Mr. Soqui is no longer employed by Lucid, and the discovery sought is relevant, Mr. Soqui has not demonstrated grounds to quash the subpoena or enter a protective order.[15]

First, the requested employment records are relevant to the claims and defenses in this case. Courts have routinely found records from a plaintiff's later employers relevant to mitigation of damages in employment discrimination cases.[16] Further, records related to accommodations Mr. Soqui requested or received while working at Lucid are relevant to his failure-to-accommodate claim.[17] The subpoena, as modified through conferrals, is narrowly tailored to seek relevant information and is proportional to the needs of the case.

---

[14] Fed. R. Civ. P. 26(b)(2)(C).

[15] Mr. Soqui has standing to the challenge the subpoena, where it seeks his employment records. *See Richards v. Convergys Corp.*, No. 2:05-cv-00790, 2007 U.S. Dist. LEXIS 9131, at *5 (D. Utah Feb. 6, 2007) (unpublished) (finding "a party has a personal right in his employment records sufficient to confer standing" to challenge a subpoena).

[16] *See Schaffran-Webb v. Sentry Fin. Corp.*, No. 2:20-cv-00560, 2021 U.S. Dist. LEXIS 184381, at *6 (D. Utah Apr. 16, 2021) (unpublished) (listing cases).

[17] *See Gargas v. Estes Express Lines*, No. 3:20-cv-590, 2021 U.S. Dist. LEXIS 243556, at *6 (N.D. Ohio Dec. 20, 2021) (unpublished) (denying a motion to quash subpoenas to subsequent employers because "[the defendant] is entitled to investigate potential defenses to these claims, including, to what extent [the plaintiff] has (or has not) performed similar work without accommodation").

Where Lucid no longer employs Mr. Soqui, he fails to show "annoyance, embarrassment, oppression, or undue burden" sufficient for a protective order.[18] As Mr. Soqui acknowledges, "seeking discovery from a current employer is a more sensitive issue than seeking it from a former employer."[19] Any potential harm to his relationship with Lucid is much less consequential where he is no longer employed there. Mr. Soqui's interest in using Lucid as a reference in his employment search does not justify preventing England from obtaining relevant discovery.

Mr. Soqui suggests England should first attempt to obtain the records from him directly.[20] This argument is unpersuasive. In his motion, Mr. Soqui acknowledges some requested documents "may not be in his immediate possession," but he asserts he "could request them himself."[21] The problem is that Lucid would not have the same legal obligation to respond to a voluntary request from Mr. Soqui as it would to a subpoena. Mr. Soqui has not shown obtaining the documents through his own, voluntary request to Lucid would be "more convenient" or "less burdensome" than a subpoena directly to Lucid.[22]

Finally, Mr. Soqui has failed to show good cause to enter a protective order prospectively prohibiting England from issuing *any* subpoena to *any* current employer. While Mr. Soqui cites cases recognizing "a subpoena to a current employer may cause

---

[18] *See* Fed. R. Civ. P. 26(c)(1).

[19] *Richards*, 2007 U.S. Dist. LEXIS 9131, at *13; (*see also* Reply 5, Doc. No. 25).

[20] (*See* Mot. 4–5, Doc. No. 19.)

[21] (*Id.* at 5.)

[22] *See* Fed. R. Civ. P. 26(b)(2)(C).

problems in the employment relationship,"[23] courts have also permitted subpoenas to current employers where the discovery sought is relevant.[24]  Whether a protective order is warranted depends on the particular circumstances and the scope of the discovery sought.  The court cannot make this determination without knowing the circumstances and the contents of the subpoenas.  Accordingly, Mr. Soqui's request for a protective order prospectively limiting England from issuing other subpoenas is denied.

## CONCLUSION

Mr. Soqui's motion to quash and for protective order[25] is denied.

DATED this 24th day of March, 2025.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[23] *Richards*, 2007 U.S. Dist. LEXIS 9131, at *12; *see also Russell v. Nebo Sch. Dist.*, No. 2:16-cv-00273, 2016 U.S. Dist. LEXIS 176776, at *5 (D. Utah Dec. 21, 2016) (unpublished); *EEOC v. Holmes & Holmes Indus.*, No. 2:10-cv-955, 2011 U.S. Dist. LEXIS 124916, at *7–8 (D. Utah Oct. 27, 2011) (unpublished).

[24] *See, e.g.*, *Schaffran-Webb*, 2021 U.S. Dist. LEXIS 184381, at *5–6; *Kear v. Kohl's Dep't Stores, Inc.*, No. 12-1235, 2013 U.S. Dist. LEXIS 22625, at *7 (D. Kan. Feb. 20, 2013) (unpublished) (finding the "potential annoyance to Plaintiff does not outweigh Defendant's showing of the obvious relevance of the information requested").

[25] (Doc. No. 19.)